NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WAYNE T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, W.T., J.T., *Appellees*.

No. 1 CA-JV 15-0142
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No. JD538046
The Honorable Shellie F. Smith, Judge Pro Tempore

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**            Wayne T. ("Father") filed a notice of appeal from an order finding his children J. and W. dependent.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**            Father is a biological parent of the two children.  The children were in Father's custody after the Department removed them from their mother.  A week later, the children were removed from Father's care after police found them walking alone, pushing a shopping cart filled with water jugs, and subsequently discovered that the children had been dumpster diving all day, and that Father's home was filthy, lacked adequate food, and did not have running water, or air conditioning.

**¶3**            The Department filed a dependency petition, asserting that Father was unable to provide the children with a safe and suitable home, and unable to parent the children due to domestic violence.  After Father failed to appear at mediation and three different pre-trial hearings, the juvenile court proceeded in his absence, and found the children dependent. Father filed a notice of appeal from the dependency finding.  Thereafter, he filed a motion to set aside the dependency filing but did not file an amended notice of appeal.  Our jurisdiction arises under Arizona Revised Statutes sections 8-235, 12-120.21(A)(1), and -2101(A)(1);[1] *see also Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶ 8, 127 P.3d 59, 61 (App. 2006) (holding a dependency disposition order entered after an adjudication of dependency is a final, appealable order).

## DISCUSSION

**¶4**            Father argues the juvenile court erred in finding the children dependent because he failed to appear at a pre-trial conference hearing. However, he does not dispute that he received proper notice of the hearing,

---

[1] We cite to the current version of the statutes unless otherwise noted.

nor does he challenge the court's findings of dependency. His opening brief only discusses the juvenile court's denial of his motion to set aside the April 24, 2015 dependency finding, some three months after he filed his notice of appeal.[2] He, however, failed to amend his notice of appeal after the denial of his motion to set aside, and failed to include the motion or ruling in the appellate record. *See, e.g., Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 189, 680 P.2d 1235, 1250 (App. 1984) (holding it is the duty of the appealing party to ensure that the appellate court receives a complete record). As a result, we do not have appellate jurisdiction over the denial of his motion to set aside, and we will not address the ruling. Ariz. R.P. Juv. Ct. 104; *see China Doll Rest., Inc. v. Schweiger*, 119 Ariz. 315, 316, 580 P.2d 776, 777 (App. 1978) (holding appellate court lacked jurisdiction over action that occurred two months after notice of appeal was filed and that was not stated in notice of appeal). Because Father has not raised any issues challenging the merits of the dependency finding, we affirm the order finding the children dependent.

**CONCLUSION**

**¶5** Based on the foregoing, we affirm the juvenile court's dependency findings.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Father only challenged the dependency finding in both his original notice of appeal and the amended notice of appeal.